1  ROBERT S. LARSEN, ESQ.
   Nevada Bar No. 7785
2  DAVID T. GLUTH, ESQ.
   Nevada Bar No. 10596
3  **GORDON & REES LLP**
   3770 Howard Hughes Parkway, Suite 100
4  Las Vegas, Nevada  89169
   Telephone:  (702) 577-9300
5  Facsimile:  (702) 255-2858
   Email: rlarsen@gordonrees.com
6         dgluth@gordonrees.com

7  *Attorneys for Cross-Defendant Hollow De Oro*
   *Homeowners Association*
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, a Nevada Limited Liability Company,<br><br>             Plaintiff,<br><br>vs.<br><br>STEVEN P. SCHNEIDER, an individual; NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; AZTEC FORECLOSURE CORPORATION, a California corporation; TRACY BURR, an individual; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered corporation; EVERGREEN MONEYSOURCE MORTGAGE COMPANY, a Washington corporation; DOE individuals X through XX; and ROE `CORPORATIONS I through XX,<br><br>             Defendants.<br>_____<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>             Counter-Claimant,<br>v.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC;<br><br>             Counter-Defendant. | Case No.: 2:16-cv-00038-RFB-GWF<br><br>**JOINT STIPULATION AND (PROPOSED) ORDER TO STAY DISCOVERY**<br><br>**(First Request)** |

-1-

|   |
|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>v.                   Counter-Claimant,<br><br>HOLLOW DE ORO HOMEOWNERS ASSOCIATION,<br><br>                   Cross-Defendant. |

Pursuant to Local Rules 6-1 and 7-1, Plaintiff Las Vegas Development Group, LLC ("Plaintiff"), Defendant Federal National Mortgage Association ("Fannie Mae"), Defendant Nationstar Mortgage, LLC ("Nationstar"), Defendant Evergreen Moneysource Mortgage Company ("Evergreen"), Defendant Steven Schneider ("Schneider"), and Cross-defendant, Hollow De Oro Homeowners Association ("Hollow De Oro") by and through their respective attorneys of record, hereby stipulate and agree pursuant to Local Rule 7-1 as follows:

1.         Pursuant to Local Rule 26-1(d), the plaintiff shall initiate "the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears." On January 9, 2016, Evergreen removed this action to this Court. (Dkt.# 3). On January 15, 2016, Hollow De Oro filed its Motion to Dismiss Crossclaims (Dkt. #8).

2.         Pursuant to Local Rule 26-1(d), "the parties shall submit a stipulated discovery plan and scheduling order" fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference.

3.         On March 9, 2016, this Court issued an order directing the parties to file stipulation discovery plan by March 21, 2016. (Dkt. #31). On March 21, 2016, Plaintiff filed a motion to enlarge time to hold the FRCP 26(f) conference. (Dkt.#33). On March 22, 2016, the motion was granted extending the deadline to file a proposed discovery plan until April 4, 2016. (Dkt.#35).

3.         On March 28, 2016, the parties held a FRCP 26(f) conference to discuss discovery and case deadlines.[1]  The parties agreed to enter a stipulation to stay discovery

---

[1] Defendant Aztec Foreclosure was invited but did not participate in the FRCP 26(f) conference. The claims against Aztec Foreclosure were dismissed while the case was pending is state court.

-2-

deadlines for the following reasons:

4.     Hollow De Oro filed its Motion to Dismiss (Dkt. #8), in part, to dismiss Fannie Mae and Nationstar's claims against it for lack of subject matter jurisdiction.  Hollow De Oro alleges that some or all of Fannie Mae's claims relate to the interpretation, application, and/or enforcement of the CC&Rs, and other governing documents subject to NRS 38.310.  As alleged, Fannie Mae already filed a NRED claim prior to filing its crossclaims in this case. Hollow De Oro filed its response with NRED.  On March 22, 2016, NRED assigned a mediator to Fannie Mae's claim.  The parties are now waiting for confirmation of the mediation date to be set within the next 90 days.

5.     The parties agree it is in the best interest of all parties to wait until the mediation process has been completed prior to setting discovery deadlines and incurring the time and expense of written discovery and depositions in the event the Court dismisses the action in whole or in part.  Plaintiff intends to participate in the mediation process and it is conceivable that the mediation could resolve this matter in its entirety, thereby relieving both the parties and the court of further cost and expense.

6.     Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988).  In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potential dispositive of the entire case." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011).  *See also Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the discretion of the Court…"); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) ("discovery should be stayed while dispositive motions are pending only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law…") (internal quotations omitted).  Hollow De Oro takes the position that its  Motion to Dismiss raises purely

---

Prior to this case being removed to federal court, Aztec filed a motion for attorney's fees as a prevailing party.  Aztec refiled the motion for attorney's fees in this Court post-removal. (Doc.#7).  Plaintiff has represented that he has reached an agreement with Aztec regarding its outstanding motion.  (Doc.#34)

1  legal questions that can be resolved without discovery.  As such, it is within the Court's power to
2  grant a stay of discovery at this time.

3      7.    It would be burdensome and unfair to have the parties incur the expense of time-
4  consuming and costly discovery because the parties have agreed to a stay.  Rule 1 of the Federal
5  Rules of Civil Procedure provides that the federal rules of practice should be "construed and
6  administered to secure the just, speedy, and *inexpensive* determination of every action and
7  proceeding." (Emphasis added).  Thus, staying discovery in this case is consistent with the spirit
8  and intent of the Federal Rules of Civil Procedure.  Further, should the Court agree that this
9  entire matter is governed under NRS 38.310, the court lacks subject matter jurisdiction (on some
10 or all of Fannie Mae's claims) until the parties exhaust administrative remedies.  If a stay is not
11 granted, the parties will be required to engage in and incur the costs of discovery which may not
12 be necessary, and be forced to litigate in two forums.

13     8.    In order to preserve the parties' and the Court's resources, and to promote judicial
14 economy, the parties have agreed, subject to the Court's approval, to stay discovery for 90 days,
15 or until July 5, 2016, in order for the parties to complete the mediation process.

16     9. The parties further stipulate to delay submission of the stipulated discovery plan and
17 discovery order until ten (10) days following the completion of the NRED mediation, or until
18 July 15, 2016, whichever is sooner.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

10. In the event that the Court determines that a stay of discovery is not appropriate, the parties shall submit a proposed Discovery Plan and Scheduling Order within five (5) days after the entry of an order denying this stipulation or such other time period as the Court may require.

| DATED: April 4th, 2016. | DATED: April 4th, 2016. |
|---|---|
| GORDON & REES LLP | AKERMAN LLP |
| */s/ David T. Gluth* | */s/ Christine Parvan* |
| ROBERT S. LARSEN, ESQ.<br>Nevada Bar No. 7785<br>DAVID T. GLUTH, ESQ.<br>Nevada Bar No. 10596<br>3770 Howard Hughes Parkway, Suite 100<br>Las Vegas, Nevada 89169<br>*Attorneys for Hollow De Oro Homeowners' Association* | ARIEL E. STERN, ESQ.<br>Nevada Bar No. 8276<br>CHRISTINE PARVAN, ESQ.<br>Nevada Bar No. 10711<br>1160 Town Center Drive, Suite 330<br>Las Vegas, NV 89144<br>*Attorneys for Federal National Mortgage Association and Nationstar Mortgage* |
| DATED: April 4th, 2016. | DATED: April 4th, 2016. |
| ROGER P. CROTEAU & ASSOCIATES, LTD. | SPRINGEL & FINK LLP |
| */s/ Timothy E. Rhoda* | */s /Michael A. Arata* |
| ROGER P. CROTEAU, ESQ.<br>Nevada Bar No. 4958<br>TIMOTHY E. RHODA, ESQ.<br>Nevada Bar No. 7878<br>912 West Post Road, Suite 100<br>Las Vegas, NV 89148<br>*Attorneys for Plaintiff* | LEONARD T. FINK, ESQ.<br>Nevada Bar No. 6296<br>MICHAEL A. ARATA, ESQ.<br>Nevada Bar No. 11902<br>10655 Park Run Drive, Ste. 275<br>Las Vegas, NV 89144<br>*Attorneys for Defendants Steven Schneider and Evergreen Moneysource Mortgage Company* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 5, 2016

-5-